TIMOTHY P. MCMAHON, ESQ. (SBN 117024)
CORSIGLIA MCMAHON & ALLARD LLP
96 NORTH THIRD STREET, SUITE 620
SAN JOSE, CALIFORNIA 95112
TELEPHONE:   (408) 289-1417
FACSIMILE:    (408) 289-8127

ATTORNEYS FOR PLAINTIFF,
THOMAS SPILSBURY, JR.,

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| THOMAS SPILSBURY, JR., | No. CV 09 05955 JW [HRL] |
|---|---|
| Plaintiff, | **STIPULATION AND ORDER MODIFYING SCHEDULING ORDER RE: DISCLOSURE OF EXPERT WITNESSES** |
| v. | |
| TARGET CORPORATION, SELECT BRANDS, INC. and DOES 1 through 25, inclusive, | |
| Defendants. | |

WHEREAS, on September 22, 2009, plaintiff, Thomas Spilsbury, Jr. ("Plaintiff"), filed a civil complaint in the Superior Court of California, Santa Clara County (as Case No. 109CV152952).

WHEREAS, each defendant herein was subsequently named in said action and has been served with summons and complaint.

WHEREAS, on December 18, 2009, defendants removed this matter from the Superior Court of the State of California to the Federal District Court for the Northern District of California.

WHEREAS, on April 26, 2010, the Federal District Court denied plaintiff's request to remand this matter back to state court.

WHEREAS, on May 12, 2010, this court issued a Scheduling Order.

---
1
STIPULATION AND ORDER

CASE NO. CV 09 05955 JW

1    WHEREAS, the May 12, 2010, Scheduling Order designated a discovery cutoff
2 date of January 21, 2011, with expert discovery disclosures (and reports) currently
3 scheduled to be submitted on or before **November 19, 2010** (63 days before the
4 discovery cut off), with rebuttal disclosures (and reports) currently scheduled to be
5 submitted on or before **December 3, 2010** (49 days before discovery cut off). (A true
6 and correct copy of the Scheduling Order for this matter is attached as Exhibit "A.")

7    WHEREAS, the parties have diligently engaged in pretrial discovery and
8 continue to engage in such discovery, including ongoing discovery of the parties and
9 all potential percipient witnesses.

10   WHEREAS, pretrial discovery relevant to the parties and all potential percipient
11 witnesses has taken longer to complete than originally envisioned when the
12 Scheduling Order was executed, thereby precluding the parties anticipated expert
13 witnesses from an opportunity to fully study, evaluate and incorporate all relevant facts
14 and circumstances into any opinions and conclusions, including preparation of a
15 comprehensive report, by November 19, 2010, the time currently set for disclosure of
16 said experts and reports.

17   WHEREAS, there is no trial date currently set for this case, nor has this case
18 been set for trial previously.

19   IT IS THEREFORE STIPULATED, AGREED AND JOINTLY REQUESTED by
20 the parties, by and through their respective attorneys of record, that this court enter an
21 order modifying the expert disclosure dates set forth in the May 12, 2010, Scheduling
22 Order such that:

23   1) Any party wishing to present expert witness testimony with respect to a claim or
24       a defense shall lodge with the Court and serve on all other parties the name,
25       address, qualifications, résumé and a written report which complies with Fed. R.
26       Civ. P. 26(a)(2)(B) on or before **December 17, 2010**.

2) If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(B), no later than **December 31, 2010**.

All other cut-off dates shall remain as set forth in the Scheduling Order.

IT IS SO AGREED,

CORSIGLIA McMAHON & ALLARD, LLP

November 11, 2010        By: _____
                              TIMOTHY D. McMAHON
                              Attorneys for Plaintiff

IT IS SO AGREED,

STONE & ASSOCIATES

November 10, 2010        By: _____
                              JULIET MACMILLIN LOMPA
                              Attorneys for Defendants

PURSUANT TO STIPULATION, IT IS SO ORDERED,

Dated: November 12, 2010   By: _____
                              JAMES WARE
                              United States District Judge

3
STIPULATION AND ORDER
CASE NO. CV 09 05955 JW

# EXHIBIT "A"

Scheduling Order

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Thomas Spilsbury, | NO. C 09-05955 JW |
| Plaintiff, | **SCHEDULING ORDER** |
| v. | |
| Target Corporation, et al., | |
| Defendants. | |

This case is scheduled for a Case Management Conference on May 17, 2010. Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the parties conferred and duly submitted a Joint Case Management Statement and Proposed Order. (See Docket Item No. 33.) Based on their joint submission, it appears that a schedule for the case can be set without the necessity of an appearance at this time. Accordingly, the Case Management Conference is VACATED and the parties are ordered to comply with the following schedule:

**CASE SCHEDULE**

| | |
|---|---|
| **Close of All Discovery (¶ 9)** | **January 21, 2011** |
| **Last Date for Hearing Dispositive Motions (¶ 10)** *(≈60 days after the Close of All Discovery)* | **March 21, 2011** |
| **Preliminary Pretrial Conference at 11 a.m. (¶ 12)** *(≈30 days before the Close of All Discovery)* | **December 13, 2010** |
| **Preliminary Pretrial Conference Statements (¶ 11)** *(Due 10 days before conference)* | **December 3, 2010** |

None of the dates set in this Order may be changed without an order of the Court made after a motion is filed pursuant to the Civil Local Rules of Court.

### Standing Order to Lodge Printed Copy of "ECF" Papers

1.    In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF," when filing papers in connection with any motion or any pretrial conference, in addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a printed copy of the papers, in an envelop clearly marked "Chamber's Copy – Lodged for the Chambers of Judge James Ware." The "Chamber's Copy" envelop must state the case name and case number and be delivered on or before the close of the next court day following the day the papers are filed electronically. See Standing Order Regarding Case Management in Civil Cases.

### Compliance with Discovery Plan and Reference to Magistrate Judge

2.    The Court adopts the Discovery Plan proposed by the parties in their Joint Case Management Statement. The parties are ordered to comply with the discovery plan. Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge. In addition, any disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

### Document Management During Pretrial Discovery and Electronic Evidence Presentation

3.    This Court has available a digital and video electronic evidence presentation system. Before commencement of pretrial discovery, the parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous documentary. If so, as the parties identify documentary material which is likely to be used as trial exhibits, the parties are ordered to electronically store these materials in a fashion which will facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-2(b) requires sequential numbering of exhibits during depositions and that numbering must be maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on

2

a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999; Defendant #2: 300,000-500,000).

### Disclosure of Expert Witnesses

4. Any party wishing to present expert witness testimony with respect to a claim or a defense shall lodge with the Court and serve on all other parties the name, address, qualifications, résumé and a written report which complies with Fed. R. Civ. P. 26(a)(2)(B) **63 days before close of discovery.** Expert witness disclosure must be made with respect to a person who is either (a) specially retained or specially employed to provide expert testimony pursuant to Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

5. The parties are also required to lodge any supplemental reports to which any expert will testify at trial in accordance with Fed. R. Civ. P. 26(a)(2)(B).

6. Any party objecting to the qualifications or proposed testimony of an expert must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in writing in accordance with Civil Local Rule 7-2, for hearing no later than **42 DAYS AFTER BOTH EXPERT AND REBUTTAL EXPERT DISCLOSURES ON A MONDAY (LAW AND MOTION DAY) at 9:00 a.m.** and preferably before or on the same day as the discovery cutoff date at 9:00 a.m.

### Rebuttal Expert Witnesses

7. If the testimony of the expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(B), no later than **49 days prior to discovery cutoff.**

### Limitation on Testimony by Expert Witnesses

8. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which

3

expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

### Close of Discovery

9. Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of fact witness and expert witnesses, must be completed on or before the deadline set forth in the Case Schedule above.

### Last date for Hearing Dispositive Motions

10. The last day for hearing dispositive motions is set forth in the Case Schedule above. Any motions must be noticed in accordance with the Civil Local Rules of this Court.

### Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order

11. The attorneys who will try the case are ordered to confer with one another and to file and lodge with Chambers on or before the deadline set forth in the Case Schedule above a Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court should allocate for trial and the calendar period for the trial.

12. The attorneys who will try the case are ordered to appear on the date set in the Case Schedule at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

13. With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for the trial of the case. Once a stipulated allocation has been entered, the parties must plan their presentations to conform to the stipulated time allocation.

Dated: May 12, 2010

JAMES WARE
United States District Judge

THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

Juliet MacMillin Lompa jmlompa@stonelawoffice.com
Timothy Dennis McMahon tmcmahon@cmalaw.net

Dated: May 12, 2010                                  Richard W. Wieking, Clerk

                                                     By: /s/ JW Chambers
                                                         Elizabeth Garcia
                                                         Courtroom Deputy

5