**TIMOTHY D. MCMAHON (SBN #117024)**
**CORSIGLIA MCMAHON & ALLARD LLP**
96 NORTH THIRD STREET, SUITE 620
SAN JOSE, CALIFORNIA 95112
TELEPHONE:  (408) 289-1417
FACSIMILE:   (408) 289-8127

ATTORNEYS FOR PLAINTIFF
THOMAS SPILSBURY, JR.,

### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| THOMAS SPILSBURY, JR.,<br><br>  Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, SELECT BRANDS, INC. and DOES 1 through 25, inclusive,<br><br>  Defendants. | Case No. CV 09 05955 JW [HRL]<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR ORDER QUASHING DEFENDANTS' SUBPOENA FOR THIRD-PARTY BANK RECORDS AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  March 22, 2011<br>Time:  10:00 a.m.<br>Dept:  2<br>Judge: Hon. Howard R. Lloyd<br><br>Complaint: September 22, 2009<br>Trial Date: None Set |

### NOTICE OF MOTION TO QUASH THIRD-PARTY SUBPOENA

TO:   DEFENDANT SELECT BRANDS, INC, AND TO ITS ATTORNEYS OF RECORD:

YOU ARE HEREBY NOTIFIED that on **March 22, 2011**, at 10:00 a.m., or soon thereafter as a matter may be heard in Courtroom 2 of the above entitled Court located at 280 S. 1st St., San Jose, CA 95113, third-party THOMAS SPILSBURY, SENIOR, (hereafter referred to as "third-party") will, and hereby does, move the Court for an order quashing a subpoena *duces tecum* issued by defendants seeking his personal financial records from Chase Bank, USA

N.A., Credit Cards, specifically consisting of, "[a]ny and all credit card statements for Washington Mutual Credit Card Account Number: 5418-2280-0046-6005 for third-party witness Thomas Spilsbury, senior (Plaintiff's father), from 07/01/2008 to 7/15/2009," with said records to be produced on 02/14/2011 in Pasadena California.

This motion is brought pursuant to Federal Rules of Civil Procedure 45(c)(3)(A)(iii) in that it requires disclosure of privileged or other protected matters; Rule 45(c)(3)(A)(iv) in that it imposes an undue burden on a third-party; and Rule 45(c)(3)(B)(i) in that an improperly requires disclosure of confidential and/or private information. In addition, the subpoena should be quashed since it seeks discovery after the January 21, 2011, discovery cutoff for this matter. This motion is brought only after third-party has unsuccessfully attempted to meet and confer to informally resolve this matter pursuant to Federal Rules of Civil Procedure 34 and 37 and N.D. Local Rule 37-1(a).

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities submitted herewith, the declaration of Timothy D. McMahon and the supporting exhibits attached thereto, all pleadings and papers on file in this action, and on such other evidence submitted to the court at or before the time of the hearing of this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.    INTRODUCTION:

Third-Party's adult son, Thomas Spilsbury, Jr. ("Plaintiff") has filed suit civil against Target Corporation and Select Brands, Inc. ("defendants"), asserting claims for general negligence and products liability due to serious personal injuries incurred on September 30, 2008, while using a defective blender manufactured, distributed and sold by defendants. The evidence to date <u>unequivocally</u> establishes that plaintiff purchased defendants' "Chefmate" Blender from a Target store in San Jose (Oakridge) on or about July 25, 2008.[1] A few months

---

[1] This fact is undisputed as reflected by defendants' notice of withdrawal of motion for summary judgment (Docket 81) and order granting notice withdrawing motion for summary judgment. (Docket 90.) The motion for summary judgment was premised on an allegation that plaintiff couldn't prove that he had purchased defendants'

later, on September 30, 2008, plaintiff was mixing a "power shake" in the subject blender when it's bottom fell off, causing the contents to fly throughout the room. Plaintiff instinctively tried to block the spilling contents by placing his right hand over the top. Unfortunately, during this process plaintiff's right hand and fingers came into contact with the blender's blades resulting in serious, permanent and debilitating injuries.

B.   **THE REQUESTED DISCOVERY:**

Defendants have issued a third-party subpoena seeking plaintiff's father's personal bank records from 07/01/2008 to 7/15/2009. (Exhibit "A" to McMahon Declaration.) The only conceivable basis for the subpoena would be to establish plaintiff's purchase of defendants' blender <u>prior to</u> his 9/30/08 accident. This, however, is an unnecessary exercise (especially in light of the invasion to third-party's privacy that would result) since it has been definitively established – by records produced by plaintiff <u>as well as defendant's own records</u> – that plaintiff had, in fact, purchased defendants' Chefmate BL-10 blender on July 25, 2008 (prior to his accident) and, more importantly, that this blender was the blender that caused his injuries on September 30, 2008 (as unequivocally established by photographic evidence).

Attached to the declaration of Timothy D. McMahon as Exhibit "B" are true and correct copies of receipts produced by plaintiff <u>and defendant</u> unequivocally establishing plaintiff's July 25, 2008, purchase of defendants' Chefmate blender. Attached to the declaration of Timothy D McMahon as Exhibit "C" are true and correct copies of photographs taken <u>on the day of plaintiff's accident</u> depicting the accident scene and, more importantly, clearly depicting the injury producing blender as consisting of defendants' Chefmate BL 10 blender.[2]

---

blender prior to his accident and that defendants' blender was the injury producing product. In response plaintiff produced a purchase receipt indisputably establishing his purchase of defendant blender **prior to** the subject accident and, thereafter, produced photographs taken on the day of the accident definitively establishing that defendants' blender was the injury producing product. In light of the admissions made in defendants' notice withdrawing the motion for summary judgment, there is no reason whatsoever for a subpoena seeking third-party's personal financial records, whose **only rationale** would have been to evidence plaintiff's purchase of defendants' product prior to his accident.

[2] Defendant has recently submitted a stipulation and order allowing the deposition of Theodore Martinez, the individual who took the photographs on the day of plaintiff's accident. This deposition will establish the authenticity of the photographs clearly depicting defendants' product as the injury producing product. (Docket 93 and 94.)

After receipt of defendants' initial subpoena for third-party's bank records, counsel retained by third-party engaged in an effort to meet and confer with defense counsel in order to resolve this discovery dispute. This meet and confer has consisted of telephone discussions and/or written communications,, including correspondence dated January 18, 2011. Unfortunately, defendant remains unwilling to withdraw the subpoena.

There is simply no reason whatsoever require disclosure of third-party's personal financial records. The subpoena for these records should be quashed.

### C. LEGAL ANALYSIS:

Federal Rules of Civil Procedure 45(c)(3)(A) and (B) provide authority for this court to quash a subpoena that constitutes an undue burden on a third-party or that otherwise requires the disclosure of privileged or other protected matters. The subpoena at issue here clearly falls within these restrictions.

#### 1. The Subpoena Imposes an Undue Burden on Third-Party:

Discovery may be refused where the burden of the proposed discovery *outweighs its likely benefits* ... taking into account such factors as the needs of the case, the parties' resources, the importance of the issues at stake, and the role of proposed discovery in resolving those rules. (FRCP 26(b)(2); *Cusumano v. Microsoft Corp.* (1st Cir. 1998) 162 F3d 708, 714.) Moreover, a subpoena may be quashed where it is "served for the purpose of annoying and harassment and not really for the purpose of getting information." (*Mattel Inc. v. Walking Mountain Productions*, (9th Cir. 2003) 353 F3d 792, 814.)

The subpoena here clearly imposes an undue burden since 1) it requests records that are subject to well-established protections based upon the constitutional right to privacy as well as various statutes recognizing the inherent confidentiality of one's personal financial records; 2) weighed against this is the fact that there is no rationale – let alone necessity – for production of these records in light of the discovery and production of documents and photographs indisputably establishing plaintiff's prior purchase of defendants' blender and photographs establishing plaintiff's use of this blender at the time of his accident.

### 2. The subpoena improperly seeks privileged and/or protected information:

Federal courts generally recognize a right of privacy that can be raised in response to discovery requests. (*Johnson by Johnson v. Thompson* (10th Cir. 1992) 971 F2d 1487, 1497; *DeMasi v. Weiss* (3rd Cir. 1982) 669 F2d 114, 119–120.) When the matter is subject to privacy protection courts typically balance the need for the information against the claimed privacy right. (*Ragge v. MCA/Universal Studios* (CD CA 1995) 165 FRD 601, 604.)

Where, as here, state law supplies the rule of decision (e.g., diversity actions), privacy claims are determined under applicable state law. (F.R.E. 501; *Oakes v. Halvorsen Marine Ltd.* (CD CA 1998) 179 FRD 281, 284.) California law recognizes certain protections from discovery based on a constitutional, statutory or common law right of privacy. This specifically includes a constitutional right to privacy with respect to one's personal financial information (Cal. Civil Code § 3295.)[3]

A right of privacy exists as to a party's confidential financial affairs, even when the information sought is admittedly relevant to the litigation. (*Cobb v. Superior Court* (1979) 99 Cal.App.3d 543, 550.) Moreover, the confidential financial affairs of third persons (nonparties) are presumptively entitled to privacy protection. (*Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 658 [nonparty bank customers whose loan files were sought by borrower suing bank were entitled to prior notice and opportunity to object].) A third party witness or deponent is <u>presumptively entitled to a protective order to limit disclosure of his or her financial information</u>. (*Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 714; *Harris v. Superior Court* (1992) 3 Cal.Ap.4th 661, 668.)

In light of the foregoing authority, a third-party's personal financial information is not subject to disclosure absent the showing of a compelling public interest. (*Ragge v. MCA/Universal Studios, supra,* at p. 604.) As discussed above, defendant has not, and cannot, provide such a showing. As noted, the only conceivable basis for requiring disclosure of third-

---

[3] Additionally, the federal law recognizes that disclosure of one's personal financial information is entitled to special protection. The Gramm–Leach–Bliley Act (GLBA) requires "financial institutions" to protect the security and confidentiality of their customers' "nonpublic personal information." (15 USC § 6801(a).) ("Financial institution" includes banks, insurance companies, etc. (See 15 USC § 6809(3)(A); 12 USC § 1843 (k)(4)(B).)

party's constitutionally protected, private financial records would be to somehow establish his son's purchase of defendants' blender. However, such a purchase has already been established by undisputed documentary and witness testimony. First, there is a copy of the receipt of purchase that has been provided to defendants. (Exhibit "B") Thereafter, at plaintiff's urging, defendant went back and searched its own computer records verifying plaintiff's purchase as evidenced in the purchase receipt. (Exhibit "B") Next there are photographs specifically depicting defendants' blender as the injury producing blender. (Exhibit "C") Finally, there is deposition testimony from plaintiff, plaintiff's girlfriend and plaintiff's roommate describing the injury producing blender has defendants' Chefmate. Thus, absent some showing that all of the above is fraudulent (including defendant's own records), there is no rationale – let alone the required compelling rationale – for requiring disclosure of third-party's personal financial records.

### 3. The Subpoena Improperly Seeks Discovery After The Discovery Cut Off

The scheduling order for this matter such a discovery cut off of January 21, 2011. (Docket 36.) The subpoena at issue seeks production of documents, information, or objects on February 14, 2011, well after expiration of the January 21, 2011 discovery cut off. (Exhibit "A.") In this district "discovery cut-off" means the date on which all responses to written discovery <u>are due</u> and by which all depositions must be concluded. (N.D. CA Rule 26–2.) Accordingly, defendants' subpoena requesting production of documents well after the discovery cut off this matter is improper and, therefore, must be quashed.

**D.  CONCLUSION:**

For the foregoing reasons, third-party, Thomas Spilsbury, Senior, respectfully requests that this court issue an order quashing the third-party subpoena issued to his bank, Chase Bank, USA N.A., Credit Cards, seeking his personal bank records.

CORSIGLIA, MCMAHON & ALLARD LLP

Dated: February 9, 2011        By: _____
                                   TIMOTHY D. McMAHON, ESQ.
                                   Attorneys for Plaintiff