1 | COLETTE F. STONE, ESQ. (SBN: 129773)
JULIET MACMILLIN LOMPA, ESQ. (SBN: 140980)
2 | STONE & ASSOCIATES
A Professional Corporation
3 | 2125 Ygnacio Valley Road, Suite 101
Walnut Creek, CA 94598
4 | Telephone: (925) 938-1555
Facsimile: (925) 938-2937
5 | Email: jmlompa@stonelawoffice.com

6 | Attorneys for Defendants
SELECT BRANDS, INC. and
7 | TARGET CORPORATION

8 | UNITED STATES DISTRICT COURT

9 | NORTHERN DISTRICT OF CALIFORNIA

10 | THOMAS SPILSBURY, JR.                     ) Case No.: CV 09 5955 JW
                                             )
11 |         Plaintiff,                       ) **DEFENDANTS' OPPOSITION TO**
                                             ) **PLAINTIFF'S MOTION TO QUASH**
12 | vs.                                      ) **DEFENDANTS' SUBPOENA FOR**
                                             ) **THOMAS SPILSBURY'S CREDIT**
13 |                                          ) **CARD RECORDS; DECLARATION**
    TARGET CORPORATION, SELECT                ) **OF JULIET MACMILLIN LOMPA**
14 | BRANDS, INC, and DOES 1-25, inclusive,    )
                                             ) Hearing Date: April 5, 2011
15 |         Defendants.                      ) Time: 10:00 a.m.
                                             ) Department: 2
16 |                                          )
    _____  ) Complaint Filed: September 22, 2009
17 |

18 |        Plaintiff's Motion to Quash must be denied on the grounds that it is untimely and all

19 | objections have been waived. Plaintiff failed to bring his motion promptly, and the subject credit

20 | card records have already been produced to Defendants by the non-party witness, Chase Bank.[1]

21 | The subpoena at issue was served on Plaintiff's counsel on December 29, 2010, and he delayed for

22 | *six weeks*, until February 9, 2011, before seeking relief and filing this Motion to Quash.

23 |        Plaintiff's Motion should also be denied, because the subpoena seeks relevant records of

24 | Plaintiff's purchases at Target, purchases that Plaintiff has placed directly in issue.  Further,

25 | neither Plaintiff nor Mr. Spilsbury has submitted a declaration of other evidence to support their

26 | claim that the subpoena requires disclosure of privileged or confidential matters or imposes an

27 |

28 | [1] Chase Bank produced the records on February 16, 2011, two weeks *before* Judge Lloyd reset the hearing on
Plaintiff's motion and indicated compliance with the subpoena was stayed.

-1-
**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA FOR
THOMAS SPILSBURY'S CREDIT CARD RECORDS; DECLARATION OF JULIET MACMILLIN LOMPA**

1  undue burden on a third-party. These claims are inconsistent with Plaintiff's prior voluntary
2  production of these credit card records. Finally, the subpoena was issued and served on Plaintiff's
3  counsel on December 29, 2010, well before the discovery cut-off date, and the parties agreed this
4  discovery shall be allowed in their signed Stipulation (Docket #69).

5  ## I.   FACTUAL BACKGROUND

6      As part of his Initial Disclosure pursuant to Federal Rules of Civil Procedure Rule
7  26(a)(1)(A), Plaintiff Thomas Spilsbury produced a Washington Mutual credit card statement
8  (now owned by Chase Bank), which contained purchases from July 16, 2008 to August 13, 2008
9  on credit card account number 5418-2280-0046-6005. *See* P00020, attached to Declaration of
10  Juliet MacMillin Lompa, ¶2, Ex. 1 (hereinafter "Dec. JML"). According to Plaintiff, the July 25,
11  2008 credit card transaction at Target in the amount of $136.76 was the transaction of his purchase
12  of the Chefmate BL-10 blender that he contends caused his injuries ("The Blender"). *Id.* Based on
13  the nature of the credit card transactions, it appears this credit card is used by Plaintiff. *Id.*

14      During the discovery process, Plaintiff produced what he claimed was the accident blender
15  "The Blender" on two occasions, initially at Plaintiff's deposition at which point it was marked as
16  Exhibit 4, and then again in response to Defendants' Demand for Inspection by Defendants'
17  expert. Plaintiff also produced photographs of "The Blender" that he claims caused his injuries in
18  response to a Request for Production of Documents. Dec. JML, ¶3.

19      During the discovery process, Defendants discovered that "The Blender" produced by
20  Plaintiff was not manufactured until sometime after the accident. Defendants had a good faith
21  belief that Plaintiff had knowingly produced a subsequently manufactured blender as "The
22  Blender" that caused his injuries. Dec. JML, ¶4.

23      On November 10, 2010, TARGET and SELECT BRANDS filed a Motion for Summary
24  Judgment on the grounds that it is impossibility for "The Blender" to have caused Plaintiff's
25  injuries as that blender with its revised design did not even exist until after the subject accident.
26  The blender produced by Plaintiff as the accident blender has design features that were not
27  incorporated into the BL-10 until October 2008, weeks after Plaintiff's accident. Moreover, the
28  date of manufacture on "The Blender" (stamped onto all Chefmate BL-10 blenders on a power

-2-

1   cord plug prong) showed that the blender was not even assembled until mid October 2008, almost
2   three weeks after Plaintiff's accident.  See Docket Nos. 39-46; Decl. JML, ¶5.

3   In a letter dated December 14, 2010, plaintiff stated for the first time that Defendants'
4   Motion related to his client's "misidentification" of the accident blender. Dec. JML, ¶6. During
5   the next 30-days, Defendants' counsel made numerous written requests to Plaintiff's counsel that
6   he provide an explanation as to how this "misidentification" occurred.  Plaintiff ignored these
7   requests for an explanation. *Id.*

8   On January 21, 2011, the discovery cut-off date, Plaintiff's counsel sent to Defendants a
9   Declaration from Plaintiff wherein he provided a new story about having "misidentified" "The
10  Blender", which stated as follows:   "Upon reflection, I have determined that following the
11  September 30, 2008, accident, I was provided with a blender to use when I was home in the San
12  Jose area. This blender was virtually identical to the Chefmate blender that injured my hand. It is
13  my belief that this is the blender I mistakenly delivered to my attorney's office." See Docket #85;
14  Dec. JML, ¶11.

15  Plaintiff has placed at issue other purchases of Chefmate blenders, particularly those that
16  follow the September 30, 2008 accident.

17  I.   **PLAINTIFF HAS WAIVED ALL OBJECTIONS: PLAINTIFF
         UNREASONABLY DELAYED AND THE RECORDS WERE PRODUCED
18       IN FEBRUARY**

19  On December 29, 2010, 23 days before the discovery cut-off date, Defendants caused two
20  subpoenas to be issued and served on Plaintiff's counsel: 1) for plaintiff's academic records from
21  the college he currently attends; and 2) for the Washington Mutual credit card statements [now
22  Chase Bank] addressed to plaintiff's father for statements from July 1, 2008 through July 15, 2009,
23  credit card account number 5418-2280-0046-6005, the same credit card records that Plaintiff had
24  voluntarily produced in his Initial Disclosures.[2]  Dec. JML, ¶3 and Ex. 2.

25  A motion to quash or for a protective order is the only way for a party to prevent disclosure
26  where the subpoenaed witness is otherwise willing to produce the records voluntarily.  Any such

27  _____
    [2] At the request of Chase Bank, the subpoena was reissued in the name Chase Bank, USA N.A. Credit Cards, instead
    of J.P. Morgan Chase Bank, but the address information was the same.  This caused the production date to be changed
28  to February 14, 2011. Dec. JML, ¶8; see Ex. A to Plaintiff's Motion, Docket #100, page 6.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA FOR
THOMAS SPILSBURY'S CREDIT CARD RECORDS; DECLARATION OF JULIET MACMILLIN LOMPA**

1   motion *must be made promptly*, because **it must be heard and granted** before the scheduled

2   deposition.   King v. Fidelity Nat'l Bank of Baton Rouge (5th Cir. 1983) 712 F.2d 188, 191

3   (emphasis added).  Here, Plaintiff unreasonably delayed for six weeks before filing his motion.

4   His failure to act promptly has resulted in a waiver of all objections.  Plaintiff has not offered any

5   explanation as to why he did not timely move to quash this discovery.

6         On January 18, 2011, twenty (20) days after service of the subpoena, Plaintiff's counsel

7   sent Defendants' counsel a meet and confer letter.  Plaintiff's counsel indicated that if both

8   subpoenas were not withdrawn, he would immediately move to quash each subpoena.  *See*

9   January 18, 2011 Letter from McMahon, Dec. JML, ¶9, Ex. 3.

10         Plaintiff did not take any further action for an additional 22 days, when he filed this Motion

11   on February 9, 2011.  Due to the long passage of time and Plaintiff's failure to take any action

12   before the production date for the Chase documents, Defendants assumed Plaintiff had withdrawn

13   his objections to the subpoena.  Dec. JML, ¶12.

14         On February 16, 2011, Defendants received the subpoenaed credit card records from Chase

15   Bank and they are being used in an ongoing investigation. Dec. JML, ¶12.

16        **II.    THE RECORDS SOUGHT ARE RELEVANT AND DISCOVERABLE AND**
                 **THE SUBPOENA IS THE ONLY WAY TO OBTAIN THE INFORMATION**

17

18         Although Plaintiff's motion is moot due to the fact Defendants are already in receipt of the

19   subpoenaed credit card records from Chase Bank, Defendants address the issues raised by

20   Plaintiff, including a discussion of the relevance of the records requested by the subpoena.

21         Plaintiff's counsel advised Defendants that Plaintiff had "misidentified" the accident

22   blender on December 14, 2010, but refused to provide any explanation regarding this alleged

23   "misidentification" until January 21, 2011, the discovery cut-off date.

24         Defendants issued the subject subpoena due to their interest in discovery Plaintiff's other

25   Target purchases, a highly relevant issue. In Plaintiff's moving papers, he incorrectly assumes the

26   subpoena to Chase Bank was to obtain information regarding plaintiff's July 25, 2008 purchase of

27   a Chefmate blender, a blender that has never been produced in this lawsuit.  Defendants are

28   interested in discovering other purchases of blenders.

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA FOR
THOMAS SPILSBURY'S CREDIT CARD RECORDS; DECLARATION OF JULIET MACMILLIN LOMPA**

1    On January 19, 2011, Plaintiff conducted a deposition of Target's Person Most
2  Knowledgeable regarding the date ranges when Exhibit 4, "The Blender" produced by Plaintiff at
3  his deposition and for inspection by Defendants' expert, was sold, the store from which Exhibit 4
4  was sold, as well as Target's distribution and sale of Chefmate blenders with date code 4208, the
5  same date code as "The Blender" produced by Plaintiff. Plaintiff sought information regarding
6  Target's ability to track the sale and purchase of Plaintiff's Exhibit 4 blender and of Chefmate
7  blenders with the same date code as Exhibit 4.   Target produced Monica Carawan, its
8  merchandise flow senior manager, as its person most knowledgeable.   Ms. Carawan was
9  questioned regarding Target's distribution of Chefmate blenders with the same date code as
10 Exhibit 4 from Target's Distribution Center to stores in the San Jose area and the Monterey area
11 from the date of import through January 30, 2009. Plaintiff inquired as to how Target could trace
12 the sale of The Blender (Exhibit 4) and learned that Target has the ability to trace purchases
13 through a customer's credit card information. Plaintiff also inquired regarding Target's customer
14 relations policies, including the fact that Target will not conduct a search of a customer's credit
15 card transactions, e.g., Thomas Spilsbury's credit card transactions, absent the customer's consent
16 or a Court order. Dec. JML, ¶10.

17    Thus, absent Mr. Spilsbury's signed Consent, which he has refused to provide, or a Court
18 order, the subject subpoena is the only way for Defendant to obtain information regarding
19 Plaintiff's other purchases at Target. See Dec. JML, ¶13.

20    On January 21, 2011, Plaintiff submitted a declaration wherein he provided a new story
21 about how he "misidentified" the Chefmate blender he had twice produced in discovery as "The
22 Blender" involved in the accident:   "Upon reflection, I have determined that following the
23 September 30, 2008, accident, I was provided with a blender to use when I was home in the San
24 Jose area. This blender was virtually identical to the Chefmate blender that injured my hand. It is
25 my belief that this is the blender I mistakenly delivered to my attorney's office." Docket #85; Dec.
26 JML, ¶11.

27    Plaintiff's new story has placed at issue other purchases of Chefmate blenders, particularly
28 those that follow the September 30, 2008 accident.

1

2

**A. Plaintiff's Assertion the Subpoena Requires Disclosure of Privileged/Confidential Matters is Belied by his Voluntary Production of the Credit Card Records**

3      Plaintiff voluntarily produced the credit card records Defendants have subpoenaed. *See*
4   Dec. JML, Ex. 1 Thus, any privacy interest that existed with respect to this particular credit card
5   during the relevant time period has been waived.  Plaintiff did not produce a copy of the Target
6   receipt for the July 25, 2008 purchases until January 21, 2011, the discovery cut-off date, and
7   previously relied on the credit card statement, Ex. 1 as the only evidence of his purchase of a
8   Chefmate blender.

9      Defendants issued a narrowly tailored subpoena for the subject credit card records for
10   purchases during a one year period, from July 1, 2008 through July 15, 2009, after Plaintiff's
11   counsel  indicated  that  Plaintiff's  production  of  "The  Blender"  was  the  result  of
12   "misidentification".  Thus, plaintiff has put into issue other Target purchases of blenders, and
13   Defendants' subpoena properly seeks information relevant to the subject matter involved in the
14   action.  FRCP 26(b)(1).

15      On February 14, 2010, Defendants' counsel corresponded with Plaintiff's counsel and
16   explained the highly relevant nature of the subpoenaed records to discover Plaintiff's other
17   purchases at Target. Defendants offered to alleviate any privacy concerns by agreeing to withdraw
18   the subject subpoena in exchange for Mr. Spilsbury's signed consent authorizing Target to conduct
19   a search of his credit card transactions from June 1, 2008 through July 30, 2009.  Plaintiff never
20   responded to this offer.  Dec. JML, ¶13, Ex. 4.

21      Plaintiff does not claim that the subject credit card records are not a proper subject of
22   discovery, nor does he cite any authority that bars discovery of these records.  Moreover, none of
23   the authority cited by Plaintiff supports his position that Plaintiff or Mr. Spilsbury is entitled to a
24   protective order or that the records are confidential.  Plaintiff contends Defendant may not
25   discover the subject credit card records absent a showing of "a compelling public interest", and
26   relies on Ragge v. MCA/ Universal Studios,165 F.R.D. 601 (C.D. Cal. 1995) in support of this
27   contention.

28

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA FOR**
**THOMAS SPILSBURY'S CREDIT CARD RECORDS; DECLARATION OF JULIET MACMILLIN LOMPA**

1    Ragge does not support this contention, and in fact, supports Defendants' position entitling
2    them to discover the credit card records. In Ragge, Plaintiff was seeking to discover various
3    employees' personnel files of Defendant. The court held that the plaintiff could discover specific
4    items she had requested, such as files pertaining to the defendants' promotions and demotions,
5    disciplinary proceedings, work performance reviews, and employee and customer complaints. Id.
6    at 605. The Ragge court noted that Rule 26 is liberally construed to permit discovery of all
7    information reasonably calculated to lead to the discovery of admissible evidence, even if the
8    discoverable information is not admissible at trial.

9        Plaintiff also relies on Schnabel v. Superior Court (1993) 5 Cal.4[th] 704, in support of his
10   contention that a third party witness is "presumptively entitled to a protective order to limit
11   disclosure of his or her financial information." In Schnabel, a marriage dissolution case, the Court
12   allowed one spouse to discover the tax records of a closely held corporation which is not a party to
13   the litigation but in which both litigants had an interest. In reaching its decision to allow the
14   discovery of the financial information, the Court found two factors were paramount, "the need for
15   the requested information to help resolve the issues that remain between the spouses, and the
16   relationship between the spouses and [the third party]." Id. at 714. The reasoning of the Schnabel
17   court supports allowing defendants to discover the credit card records here. Plaintiff has placed
18   into issue other purchases at Target, and Defendants are unable to obtain information regarding
19   these purchases other than through this subpoena. Plaintiff has refused to consent to allow Target
20   to search of his credit card transactions. Moreover, the relationship at issue here is Plaintiff and
21   his father, and a credit card that Plaintiff has full access to. In examining the privacy interests of
22   the third party, the Court held that there "was no specific showing of the privacy interests of the
23   majority shareholder or of damage the corporation might suffer from disclosure of confidential
24   information." Id. at 718.

25       Plaintiff has not submitted a declaration from Thomas Spilsbury Sr. or from Plaintiff
26   objecting to the subject subpoena. Plaintiff's counsel is not a proper affiant to assert a privacy
27   objection. Moreover, Mr. Spilsbury and Plaintiff had the opportunity to alleviate any potential
28   privacy concerns by simply signing a consent authorizing Target to conduct a search of his credit

card transactions from June 1, 2008 through July 30, 2009, which was offered by Defendant. Dec. JML, ¶13.

### III. THE SUBPOENA WAS ISSUED WELL IN ADVANCE OF CUT-OFF DATE AND PLAINTIFF HAS ACKNOWLEDGED THE SUBPOENA IS SUBJECT TO THE PARTIES' STIPULATION

On December 29, 2010, 23 days before the discovery cut-off date, Defendants caused two subpoenas to be issued and served on Plaintiff's counsel: 1) for plaintiff's academic records from the college he currently attends; and 2) for the Washington Mutual credit card statements [now Chase Bank] addressed to plaintiff's father for statements from July 1, 2008 through July 15, 2009.[3] Dec. JML, ¶7, Ex. 2.

On January 11, 2011, the parties entered into a Stipulation to modify the completion of various discovery, including Defendants' subpoena issued to Chase Bank. The Stipulation stated in pertinent part: "WHEREAS Defendants have served deposition notices of various witnesses and subpoenas for records on or before the designated discovery cut off . . . IT IS THEREFORE STIPULATED, AGREED AND JOINTLY REQUESTED BY THE PARTIES . . . "[a]ll expert depositions, pending noticed depositions, and written discovery is continued, and is to be commenced after February 28, 2011 and will be completed on or before sixty days (60 days) after this Court's ruling on the Motion for Summary Judgment" (2:12-13, 2:23-24, 3:8-11, Stipulation, Docket #69).[4] Dec. JML, ¶9.

Plaintiff's counsel acknowledged Defendants' subpoenas were subject to the parties' stipulation, as he articulated this understanding in his January 18, 2011, meet and confer letter to Defendants' counsel: "[Y]ou are aware that we recently stipulated to continue all 'written discovery' until after the motion for summary judgment is heard . . .. Undoubtedly each document subpoena would constitute 'written discovery" subject to our stipulation." (¶4, January 18, 2011 Letter from McMahon, Dec. JML, ¶9, Ex. 3. Thus, it is clear the parties intended document subpoenas to relate back to the original date of service.

---

[3] The subpoena issued to CSUMB on December 29, 2010, had a production date of January 21, 2011, and it is unknown whey the subpoena issued to Chase on the same date had a production date of January 26, 2011.

[4] Note that the Court declined to grant the parties' request, but the stipulation is important to show Plaintiff's inconsistent position and Defendants' meet and confer efforts.

## IV.    CONCLUSION

It is respectfully requested the Court deny Plaintiff's Motion to Quash on the grounds that it is untimely and all objections have been waived.  Plaintiff's Motion should also be denied pm the grounds that Plaintiff previously voluntarily produced the same credit card records in support of his claim and objections are waived.  Further, the subpoena seeks relevant records of Plaintiff's purchases at Target, purchases that Plaintiff has placed directly in issue.  Finally, the subpoena was issued and served on Plaintiff's counsel on December 29, 2010, well before the discovery cut-off date, and the parties agreed this discovery shall be allowed in their signed Stipulation.

DATED:  March 14, 2011                              STONE & ASSOCIATES


By _____
       JULIET MACMILLIN LOMPA
       Attorneys for Defendants
       SELECT BRANDS, INC. and
       TARGET CORPORATION

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA FOR THOMAS SPILSBURY'S CREDIT CARD RECORDS; DECLARATION OF JULIET MACMILLIN LOMPA**

1

## DECLARATION OF JULIET MACMILLIN LOMPA

2   I, Juliet MacMillin Lompa, declare,

3        1. I am an attorney duly licensed to practice law in the State of California and I am
4   associated with Stone & Associates, A Professional Corporation, attorneys of record for defendant
5   Select Brands, Inc.  I have personal knowledge of the matters stated herein, unless otherwise
6   stated, to be based upon information and belief, and I could and would testify thereto under penalty
7   of perjury.

8        2. As part of his Initial Disclosure pursuant to Federal Rules of Civil Procedure Rule 26,
9   plaintiff produced a Washington Mutual credit card statement, which contained purchases from
10  July 16, 2008 to August 13, 2008 on credit card account number 5418-2280-0046-6005.  Based on
11  information and belief, these records pertain to Plaintiff's credit card purchases.  Chase Bank is the
12  custodian of these records.  According to Plaintiff, the July 25, 2008 credit card transaction at
13  Target in the amount of $136.76 is the transaction of his purchase of the Chefmate BL-10 blender
14  that he contends caused his injuries.  A true and correct copy of the Credit Card statement, Bates
15  No. TC000020, is attached hereto as Exhibit 1.

16       3.  During the discovery process, Plaintiff produced what he claimed was the accident
17  blender "The Blender" on two occasions, initially at Plaintiff's deposition at which point it was
18  marked as Exhibit 4, and then again in response to Defendants' Demand for Inspection by
19  Defendants' expert.  Plaintiff also produced photographs of "The Blender" that he claims caused
20  his injuries in response to a Request for Production of Documents.

21       4.  During the discovery process, Defendants discovered that "The Blender" produced by
22  Plaintiff was not manufactured until sometime after the accident.  Defendants had a good faith
23  belief that Plaintiff had knowingly produced a subsequently manufactured blender as "The
24  Blender" that caused his injuries.

25       5.  On November 10, 2010, Defendants Target and Select Brands filed a Motion for
26  Summary Judgment on the grounds that it is impossibility for "The Blender" to have caused
27  Plaintiff's injuries as that blender with its revised design did not even exist until after the subject
28  accident.  The blender produced by Plaintiff as the accident blender has design features that were

1  not incorporated into the BL-10 until October 2008, weeks after Plaintiff's accident. Moreover, the
2  date of manufacture on "The Blender" (stamped onto all Chefmate BL-10 blenders on a power
3  cord plug prong) showed that the blender was not even assembled until mid October 2008, almost
4  three weeks after Plaintiff's accident.

5      6.  In a letter dated December 14, 2010, plaintiff stated for the first time that Defendants'
6  Motion related to his client's "misidentification" of the accident blender.  During the next 30-days,
7  Defendants' counsel made numerous written requests to Plaintiff's counsel that he provide an
8  explanation as to how this "misidentification" occurred.  Plaintiff ignored these requests for an
9  explanation.

10     7.  On December 29, 2010, Defendants caused two subpoenas to be issued and served on
11  Plaintiff's counsel: 1) for Plaintiff's academic records from California State University, Monterey
12  Bay; and 2) for the Washington Mutual credit card statements addressed to plaintiff's father for the
13  time period July 1, 2008 through July 15, 2009 on credit card account number 5418-2280-0046-
14  6005, the same credit card records that Plaintiff had voluntarily produced in his Initial Disclosures.
15  The subpoenas were served on Plaintiff's counsel on December 29, 2010. True and correct copies
16  of these subpoenas are collectively attached hereto as Exhibit 2.

17     8.  At the request of Chase Bank, the subpoena to it was reissued in the name Chase Bank,
18  USA N.A. Credit Cards, instead of J.P. Morgan Chase Bank, but the address information was the
19  same.  This caused the production date to be changed to February 14, 2011.  (See Exhibit A to
20  Plaintiff's Moving papers.)

21     9.  On January 11, 2011, the parties entered into a Stipulation to modify the completion of
22  specified discovery, including Defendants' subpoena issued to Chase Bank (Docket #69).  In
23  entering into the stipulation, I intended document subpoenas to relate back to the original date of
24  service.  Clearly Plaintiff's counsel understood that Defendants' subpoenas were subject to the
25  stipulation, as he articulated this understanding in his January 18, 2011, meet and confer letter to
26  me when he stated, "you are aware that we recently stipulated to continue all 'written discovery'
27  until after the motion for summary judgment is heard . . .. Undoubtedly each document subpoena

28

-2-

would constitute 'written discovery" subject to our stipulation." A true and correct copy of Plaintiff's counsel's January 18, 2011 letter is attached hereto as Exhibit 3. Interestingly, Plaintiff's counsel sent this meet and confer letter at a time he was aware I was in Minneapolis for the depositions scheduled the next day.

10. On January 19, 2011, Plaintiff conducted a deposition of Target's Person Most Knowledgeable regarding the date ranges when Exhibit 4, "The Blender" produced by Plaintiff at his deposition and for inspection by Defendants' expert, was sold, the store from which Exhibit 4 was sold, as well as Target's distribution and sale of Chefmate blenders with date code 4208, the same date code as "The Blender" produced by Plaintiff. Plaintiff sought information regarding Target's ability to track the sale and purchase of Plaintiff's Exhibit 4 blender and of Chefmate blenders with the same date code as Exhibit 4. Target produced Monica Carawan, its merchandise flow senior manager, as its person most knowledgeable. Ms. Carawan was questioned regarding Target's distribution of Chefmate blenders with the same date code as Exhibit 4 from Target's Distribution Center to stores in the San Jose area and the Monterey area from the date of import through January 30, 2009. Plaintiff inquired as to how Target could trace the sale of The Blender (Exhibit 4) and learned that Target has the ability to trace purchases through a customer's credit card information. Plaintiff also inquired regarding Target's customer relations policies, including the fact that Target will not conduct a search of a customer's credit card transactions, e.g., Thomas Spilsbury's credit card transactions, absent the customer's consent or a Court order. Thus, absent Mr. Spilsbury's signed Consent, or a Court order, the subject subpoena is the only way for Defendant to obtain information regarding Plaintiff's other purchases at Target.

11. On January 21, 2011, the discovery cut-off date, Plaintiff's counsel sent to Defendants a Declaration from Plaintiff wherein he provided a new story about having "misidentified" "The Blender", which stated as follows: "Upon reflection, I have determined that following the September 30, 2008, accident, I was provided with a blender to use when I was home in the San Jose area. This blender was virtually identical to the Chefmate blender that injured my hand. It is my belief that this is the blender I mistakenly delivered to my attorney's office."

-3-

1    12. Plaintiff did not take any action to obtain a protective order or other relief regarding
2  the subpoena for Mr. Spilsbury's Chase Bank records for six weeks. After he sent his meet and
3  confer letter, he waited more than three weeks before even filing the Motion to Quash on
4  February 9, 2011. Due to the long passage of time and Plaintiff's failure to take any action before
5  the production date for the Chase documents, I assumed Plaintiff had withdrawn his objections.
6  Plaintiff failed to obtain relief timely waived all objections since on February 16, 2011, I received
7  and reviewed the subpoenaed credit card records from Chase Bank, and the records are being used
8  in an ongoing investigation.

9    13. On February 14, 2010, after receiving Plaintiff's Motion, I sent Plaintiff's counsel a
10  meet and confer letter wherein I explained the highly relevant information Defendants were
11  seeking to discover, Plaintiff's other purchases at Target. In order to alleviate any privacy
12  concerns, I offered to withdraw the subject subpoena in exchange for Mr. Spilsbury's signed
13  consent authorizing Target to conduct a search of his credit card transactions from June 1, 2008
14  through July 30, 2009. A true and correct copy of this letter and the proposed Consent is attached
15  hereto as Exhibit 4. Plaintiff did not respond to this offer.

16    Executed on this 14th day of March, 2011, at Walnut Creek, California.

17

18

19                      JULIET MACMILLIN LOMPA

20

21

22

23

24

25

26

27

28
                                        -4-
DECLARATION OF JULIET MACMILLIN LOMPA IN SUPPORT OF OPPOSITION TO PLAINTIFF'S
                              MOTION TO QUASH

EXHIBIT "1"

WWYZ  1462 JYU          1  /  16  980015      PAGE 1 of 1 .     COLR2940 N000         01AB6092  30870730

## Important Messages

Summer fun left you short on cash? No problem, just use checks to access your credit line and get the cash you need.

Thinking about refinancing or purchasing a new home? Our experienced Home Loan Consultants are here to help. Just stop by one of over 2,000 WaMu branches or call 866.353.7196. We look forward to hearing from you. Not sure if there is a WaMu branch near you? Visit wamu.com to search for one in your area.

## Account Summary

| | | | |
|---|---|---|---|
| Account Number | 5418-2290-0046-6005 | Previous Balance | $1,703.25 |
| Statement Closing Date | 08/15/08 | Credits & Payments − | $1,703.25 |
| Minimum Payment of $33.00 | due by 09/11/08 | Purchases & Other Charges + | $1,074.55 |
| Credit Line | $8,500.00 | Cash Advances + | $0.00 |
| Available Credit Line as of 08/15/08 | $7,425.45 | FINANCE CHARGE + | $0.00 |
| Available Credit for Cash Advances as of 08/15/08 | $2,550.00 | NEW BALANCE = | $1,074.55 |
| Days in Current Billing Cycle | 29 | | |

## Transactions

| Date | Description | Amount |
|---|---|---|
| Jul 18 | DISNEY-MAIN ENTRANC   ANAHEIM   CA | $182.00 |
| Jul 18 | ESPN ZONE-ANAHEIM REST  ANAHEIM   CA | $38.37 |
| Jul 18 | APL*ITUNES   866-712-7753 CA | $1.98 |
| Jul 19 | UNION 76   10014231  LOS GATOS  CA | $100.00 |
| Jul 22 | APL*ITUNES   866-712-7753 CA | $0.99 |
| Jul 24 | WALGREENS #7326   Q03  LOS GATOS  CA | $26.52 |
| Jul 24 | CHEVRON 0307516   LOS GATOS  CA | $100.00 |
| Jul 25 | TARGET   00019273  SAN JOSE   CA | $136.76 |
| Jul 26 | MERVYNS   00000042  SAN JOSE   CA | $28.56 |
| Jul 26 | BARNES & NOBLE #290Q90  SAN JOSE   CA | $16.18 |
| Jul 27 | GUADALUPE LANDFILL   SAN JOSE   CA | $41.41 |
| Jul 28 | UNION 76   10032381  LOS GATOS  CA | $95.73 |
| Jul 28 | MR PICKLES SANDWICH SH  LOS GATOS  CA | $6.99 |
| Jul 29 | THE SPORTS AUTHORITY #  SANTA CLARA CA | $97.43 |
| Aug 01 | APL*ITUNES   866-712-7753 CA | $0.99 |
| Aug 04 | PAYMENT RECEIVED -- THANK YOU | $(1,703.25) |
| Aug 10 | APL*ITUNES   866-712-7753 CA | $4.99 |
| Aug 11 | WALGREENS #7326   Q03  LOS GATOS  CA | $20.33 |
| Aug 12 | HOLLYWOOD GAME CRAZY   LOS GATOS  CA | $54.94 |
| Aug 12 | RITE AID STORE 5972   LOS GATOS  CA | $51.19 |
| Aug 13 | UNION 76   10034510  LOS GATOS  CA | $69.19 |

**FOR BILLING ERRORS AND IMPORTANT INFORMATION, SEE REVERSE OF PAGE 1.**

## Balance Category

| | Average Daily Balance | Daily Periodic Rate | Corresponding APR | Finance Charges | Grace Terms |
|---|---|---|---|---|---|
| Purchase - Current Cycle | $759.35 | .0534%* | 19.49%* | $0.00 | Term A |
| Cash - Current Cycle | $0.00 | .0787%* | 28.74%* | $0.00 | Term B |
| Effective ANNUAL PERCENTAGE RATE (APR): 0.00% | | | | | *These rates may vary. |

The Corresponding APR is the rate of interest you pay when you carry a balance on purchases or cash advances. The Effective APR represents your total finance charges - including transaction fees such as cash advance and balance transfer fees - expressed as a percentage.

For 24-hour Automated Account Information, please call 1-866-892-WAMU(9268) or visit us at www.wamucards.com Your account is issued by Washington Mutual Bank, Henderson, NV.

TC000020

EXHIBIT "2"

30684 JML

**US Legal Support In**

4232-1 Las Virgenes Road, Suite 100
Calabasas, CA 91302-3591
Phone: (818) 878-9227 / Fax: (818) 878-9851
Toll Free: (800) 600-7788

WorkOrder#:126497

Received

JAN   3  2011

## CONFIRMATION LETTER

12/29/2010

Order By:
Juliet M. Lompa, Esq.
Stone & Associates
2125 Ygnacio Valley Road, Suite 101
Walnut Creek, CA 94598
**Attention: Barbara Burkhardt**

Bill To:
Stone & Associates
Attention:Juliet M. Lompa, Esq.
Claim No.: 30684 Spilsbury
D.O.L.: 09/30/2008
Insured: Select Brands; Target Corporation

Dear Barbara Burkhardt,

We have received your request for records for the below named individual and your order is being processed. Please verify all of the information below regarding Thomas Spilsbury and contact us if there are any changes you would like to make. Thank you for your time and the opportunity to serve you.

**Records On: Thomas Spilsbury**
**Case Number: CV 09 5955 JW**
**Case Name: Thomas Spilsbury, Jr.**
**vs.**
**Target Corporation**
**File No.: 30684 Spilsbury**

Rush Order: **Y**

Locations/Instructions
**1 - Processed: 12/29/2010**
**California State University - Monterey Bay**
**100 Campus Center, Building 47, Seaside, CA 93955-8001**
**Obtain all academic records.**

| | |
|---|---|
| Thomas Spilsbury, Jr., | ) Case No.: CV 09 5955 JW |
| Plaintiff(s), | ) |
| vs. | ) **PROOF OF SERVICE BY MAIL** |
| Target Corporation, | ) |
| Defendant(s), | ) |
| | ) |
| | ) |
| | ) |
| | ) |

I, Angie Salvatierra, am and was on the date mentioned herein, is over the age of eighteen years and not a party to the within entitled action.

**My business address is: US Legal Support Inc.**
**4232-1 Las Virgenes Road, Suite 100**
**Calabasas, CA 91302-3591**

On <u>12/29/2010</u> I served true copies of the following documents:

**Subpoena**

To each party appearing in this action, at the address below, by placing true copies thereof enclosed in a sealed envelope in which I mailed to the addressee(s) below with postage fully pre-paid, in the United States Mail.

**Timothy D. McMahon, Esq.**
**Corsiglia, McMahon & Allard, LLP**
**96 North 3rd Street, Suite 620**
**San Jose, CA 95112**
**(408) 289-1417   Fax: (408) 289-8127**

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

/S/ _Angie Sal_

Angie Salvatierra
U.S. Legal Support, Inc.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Inf...s, or Objections or to Permit Inspection of Premises     kOrder#: **126497.001**

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN District of CALIFORNIA

| | |
|---|---|
| Thomas Spilsbury, Jr., <br> *Plaintiff* <br> Vs. <br><br> **Target Corporation**, <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.: **CV 09 5955 JW**

(If the action is pending in another district, state where: )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES

**California State University - Monterey Bay**
To: **100 Campus Center, Building 47**
**Seaside, CA 93955-8001**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**Any and all documents and records, and all writings, including, but not limited to, scholastic records, absence records, incident reports, teacher comments, report cards, transcripts, admission records, applications, all office and disciplinary records, pertaining to Thomas Spilsbury; DOB: 12/11/1989; SSN: UNKNOWN.**

| Place: **California State University - Monterey Bay** <br> **100 Campus Center, Building 47** <br> **Seaside, CA 93955-8001** | Date and Time: <br> **01/21/2011 9:00AM** |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry on the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your respond to this subpoena and the potential consequences of not doing so, are attached.

Date: **12/29/2010**

*CLERK OF COURT*

OR

_____     *Juliet M. Lompa, Esq.*
*Signature of Clerk or Deputy Clerk*          *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* , who issues or requests this subpoena, are:**Juliet M. Lompa, Esq.,SBN. 140980** Stone & Associates, 2125 Ygnacio Valley Road, Suite 101, Walnut Creek, CA 94598 , Phone: (925) 938-1555

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Inform    or Objections or to Permit Inspection of Premises (Page 2)    Work..  .:#: **126497.001**

Civil Action No. **CV 09 5955 JW**

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (*name of individual and title, if any*)  **California State University - Monterey Bay**
was received by me on *(date)* _____

☒ I personally served the subpoena on the individual at *(place)* **100 Campus Center, Building 47, Seaside,**
**CA 93955-8001** on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered
to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____                 _____
                                              *Server's signature*

                                        _____
                                              *Printed name and title*

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objections or to Permit Inspection of Premises (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e), (Effective 12/1/07)

### (c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be other wise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

### (d) DUTIES IN RESPONDING TO A SUBPOENA

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may none the less order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45 (c) (3) (A) (ii)

US Legal Support Inc

**4232-1 Las Virgenes Road, Suite 100**
**Calabasas, CA 91302-3591**
**Phone: (818) 878-9227 / Fax: (818) 878-9851**
**Toll Free: (800) 600-7788**

JAN  3 2011

WorkOrder#:126520

30684 SPIL

## CONFIRMATION LETTER

12/29/2010

Order By:                          Bill To:
Juliet M. Lompa, Esq.              Stone & Associates
Stone & Associates                 Attention:Juliet M. Lompa, Esq.
2125 Ygnacio Valley Road, Suite 101   Claim No.: 30684 Spilsbury
Walnut Creek, CA 94598             D.O.L.:
**Attention: Barbara Burkhardt**   Insured: Select Brands; Target Corporation

Dear Barbara Burkhardt,

We have received your request for records for the below named individual and your order is being processed. Please verify all of the information below regarding Thomas Spilsbury, Sr. and contact us if there are any changes you would like to make. Thank you for your time and the opportunity to serve you.

**Records On: Thomas Spilsbury, Sr.**
**Case Number: CV 09 05955 JW**
**Case Name: Thomas Spilsbury, Jr.**
**vs.**
**Target Corporation**
**File No.: 30684 Spilsbury**

Rush Order: **Y**

Locations/Instructions
**1 - Processed: 12/29/2010**
**J.P. Morgan Chase Bank**
**818 West Seventh Street, Los Angeles, CA 90017**
**Obtain all credit card statements for Washington Mutual Credit Card Account Number: 5418-2280-0046-6005 for third party witness Thomas Spilsbury, Sr. (Plaintiff's father), from 07/01/2008 to 07/15/2009.**

# UNITED STATES DISTRICT COURT

for the

CENTRAL District of CALIFORNIA

| | |
|---|---|
| Thomas Spilsbury, Jr., ) | |
| *Plaintiff* ) | |
| Vs. ) | Civil Action No.: **CV 09 05955 JW** |
| **Target Corporation**, ) | |
| *Defendant* ) | (If the action is pending in another district, state where: ) |
| ) | Northern District of California |
| ) | |
| ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES

To: **J.P. Morgan Chase Bank
818 West Seventh Street
Los Angeles, CA 90017**

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

**Any and all credit card statements for Washington Mutual Credit Card Account Number: 5418-2280-0046-6005 for third party witness Thomas Spilsbury, Sr. (Plaintiff's father), from 07/01/2008 to 07/15/2009.**

| | |
|---|---|
| Place: Pasadena - U.S. Legal Support, Inc.<br>127 North Madison Avenue, Suite 101<br>Pasadena, CA 91101 | Date and Time:<br>**01/26/2011 9:00AM** |

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry on the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The provisions of Fed. R. Civ. P. 45(c), relating to your respond to this subpoena and the potential consequences of not doing so, are attached.

Date: **12/29/2010**

*CLERK OF COURT*

OR _____

*Signature of Clerk or Deputy Clerk*          **Juliet M. Lompa, Esq.**
                                        *Attorney's Signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Select Brands; Target Corporation,** who issues or requests this subpoena, are:**Juliet M. Lompa, Esq.,SBN. 140980** Stone & Associates, 2125 Ygnacio Valley Road, Suite 101, Walnut Creek, CA 94598 , Phone: (925) 938-1555

1 | Thomas Spilsbury, Jr.,                                    ) Case No.: CV 09 05955 JW
                                          Plaintiff(s), )
2 | vs.                                                        ) **PROOF OF SERVICE BY MAIL**
  | Target Corporation,                                        )
3 |                                       Defendant(s), )
  |                                                            )
4 |                                                            )
  |                                                            )
5 |                                                            )

6 |     I, Angie Salvatierra, am and was on the date mentioned herein, is over the age of eighteen years and

7 | not a party to the within entitled action.

8 |         **My business address is: US Legal Support Inc.**
  |              **4232-1 Las Virgenes Road, Suite 100**
9 |              **Calabasas, CA 91302-3591**

10

        **On 12/29/2010  I served true copies of the following documents:**

11

                      **Subpoena**

12

    To each party appearing in this action, at the address below, by placing true copies thereof enclosed

13

in a sealed envelope in which I mailed to the addressee(s) below with postage fully pre-paid, in the United

14

States Mail.

15

        **Timothy D. McMahon, Esq.**
16 |         **Corsiglia, McMahon & Allard, LLP**
  |         **96 North 3rd Street, Suite 620**
17 |         **San Jose, CA  95112**
  |         **(408) 289-1417    Fax: (408) 289-8127**

18

19 |     I declare under penalty of perjury under the laws of the United States and the State of California that

20 | the foregoing is true and correct.

21

22 |              /S/

23 |                        Angie Salvatierra
  |                        U.S. Legal Support, Inc.

24

25

26

27

28

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Info. ., or Objections or to Permit Inspection of Premises (Page 2)    Wo.    er#: **126520.001**

Civil Action No. **CV 09 05955 JW**

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for (*name of individual and title, if any*)   **J.P. Morgan Chase Bank**
was received by me on *(date)* _____

X I personally served the subpoena on the individual at *(place)* **818 West Seventh Street, Los Angeles,**
**CA 90017** on *(date)* _____; or

☐ I returned the subpoena unexecuted because _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered
to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____.

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), and (e), (Effective 12/1/07)

### (c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction M which may include lost earnings and reasonable attorney's fees M on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises M or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person M except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be other wise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) DUTIES IN RESPONDING TO A SUBPOENA

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may none the less order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

### (e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45 (c) (3) (A) (ii)

EXHIBIT "3"



CORSIGLIA
McMAHON &
ALLARD

BRADLEY M. CORSIGLIA
TIMOTHY D. McMAHON
B. ROBERT ALLARD

MARK A. SIGALA

OF COUNSEL
NORMAN W. SAUCEDO

January 18, 2011

### SENT VIA U.S. MAIL, FACSIMILE AND E-MAIL

Juliet MacMillin Lompa, Esq.
Stone & Associates
2125 Ygnacio Valley Road, Suite 101
Walnut Creek, CA 94598

Re:   Spilsbury v. Target Stores, et al.

Dear Counsel:

We are in receipt of subpoenas issued by your office for my client's school records as well as Thomas Spilsbury, Sr.'s bank account records, each of which requires production on January 21, 2011, and January 26, 2011, respectively. We object to each subpoena and request that they be withdrawn immediately otherwise we will have no choice but to move the court to quash each subpoena.

First, at the time the subpoenas were issued, the discovery cut off in this case was January 21, 2011. As a consequence, the bank record subpoena issued to J.P. Morgan Chase is invalid *ab initio* since it seeks discovery beyond the court ordered discovery cut off.

Second, you are aware that we recently stipulated to continue all "... written discovery" until after the motion for summary judgment is heard on February 28, 2011. (Docket 69.) Undoubtedly each document subpoena would constitute "written discovery" subject to our stipulation and order. Alternatively, they would be in violation of the discovery cut off. Either way, they are improper at this time.

Third, each subpoena seeks records in violation of statutory limitations with respect to the discovery of a party's private educational records (20 USC § 1232g) and a third-party's private financial records (12 USC. § 1301). In light of these statutory protections, a copy of this correspondence has been sent to both Cal-State University and J.P. Morgan Chase in order to place them on formal notice of plaintiff's and his father's objection to production of these private, statutorily protected records absent consent an order of the court.

Juliet MacMillin Lompa, Esq.
January 18, 2011
Page 2

Finally, both of the subpoenas seek records in violation of general discovery limitations with respect to private education and financial records and limitations on the discovery of information irrelevant to the claims and defenses herein.

In light of the foregoing, please acknowledge your withdrawal of each subpoena on or before the close of business on **Wednesday, January 19, 2011**, If I do not hear back from you by this time, I will have no choice but to immediately move to quash each subpoena.

I look forward to hearing from you.

                                    Very truly yours,

                                    Dictated but not read

                                    TIMOTHY D. McMAHON

TDM

cc:   Thomas Spilsbury, Jr.
      Thomas J. Spilsbury, Sr.

cc:   California State University-Monterey Bay
      100 Campus Center, Building 47
      Seaside, Ca. 93955-8001

cc:   J.P. Morgan Chase Bank
      818 West Seventh Street
      Los Angeles, CA. 90017

EXHIBIT "4"

COLETTE F. STONE
JENNIFER E. MCENEANEY
RONALD F. BERESTKA, JR.
JULIET MACMILLIN LOMPA
MERRILEE C. MILLER
MARISSA N. ACREE

OF COUNSEL
CHRISTINA C. BRINLEY

LAW CLERKS
MARIANNE SPARKS

PARALEGAL
BARBARA BURKHARDT, CCLS

## STONE & ASSOCIATES, APC

ATTORNEYS AT LAW

2125 YGNACIO VALLEY ROAD
SUITE 101
WALNUT CREEK, CA 94598

TELEPHONE: (925) 938-1555
FACSIMILE: (925) 938-2937

WWW.STONELAWOFFICE.COM

February 14, 2011

*Via Facsimile: 408-289-8127*
Timothy D. McMahon, Esq.
CORSIGLIA, MCMAHON & ALLARD
96 N. Third Street, Suite 620
San Jose, CA 95112

Re:     ***Spilsbury, Thomas v. Target Corporation***
        Northern District Of California CASE NO.: CV 09 5955 JW
        Our File No.: 30684

Dear Mr. McMahon:

We are in receipt of the Motion to Quash filed on behalf of Thomas Spilsbury, Sr. It seems we did not have an opportunity to properly meet and confer on this matter. When you sent me your meet and confer letter on January 18, 2011, you were aware I was in Minnesota for the deposition of the Target PMK scheduled the following day. Thus, I was unable to respond to your letter. I note that Colette F. Stone, Esq., emailed you on January 20, 2011, wherein she inquired, "I trust you and Juliet met and conferred on the matters in your correspondence that is attached while you were together this week." You responded, "Juliet and I concentrated on the depo at hand, the pending storm in Kansas, and the difficult to decipher ruling of Judge Ware."

Since I had not heard from you or seen a motion to quash, and considering the production date in the original subpoena for Mr. Spilsbury's bank records had passed, I assumed Mr. Spilsbury had withdrawn his objections to the subpoena.   We subpoenaed Mr. Spilsbury's bank records for the credit card used to purchase the Chefmate blender in July 2008, because we are interested in discovering other purchases at Target, particularly subsequent purchases. As you well know, Plaintiff produced at his deposition and in response to a Demand for Inspection a blender he identified as "the accident blender" that our investigation revealed was not imported into the United States until November 2008. (This was the subject of our recently withdrawn Motion for Summary Judgment.) We would be willing to withdraw the subject subpoena in exchange for Mr. Spilsbury's

Timothy McMahan, Esq.
**Re:    *Spilsbury v. Target, et al***
February 14, 2011
Page 2

signed consent authorizing Target to conduct a search of his credit card transactions from
June 1, 2008, through July 30, 2009. Enclosed please find a proposed Consent.

Upon receipt of the executed Consent, we will withdraw the subject subpoena. Please let
us hear from you by February 18, 2011.

Very truly yours,

STONE & ASSOCIATES

Juliet MacMillin Lompa

JML:cs
Enclosure

1 | COLETTE F. STONE, ESQ. (SBN: 129773)
JULIET MACMILLIN LOMPA, ESQ. (SBN: 140980)
2 | MERRILEE C. MILLER, ESQ. (SBN: 157100)
STONE & ASSOCIATES
3 | A Professional Corporation
2125 Ygnacio Valley Road, Suite 101
4 | Walnut Creek, CA 94598
Telephone: (925) 938-1555
5 | Facsimile: (925) 938-2937
Email: jmlompa@stonelawoffice.com
6

Attorneys for Defendants
7 | SELECT BRANDS, INC. and
TARGET CORPORATION

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

| THOMAS SPILSBURY, JR. | ) | Case No.: CV 09 5955 JW |
|---|---|---|
| Plaintiff, | ) | **THOMAS SPILSBURY SR.'S CONSENT FOR TARGET TO RESEARCH HIS CREDIT CARD TRANSACTIONS** |
| vs. | ) | |
| TARGET CORPORATION, SELECT BRANDS, INC. and DOES 1-25, inclusive, | ) | |
| Defendants. | ) | |

17

18    THOMAS SPILSBURY, SR., father of THOMAS SPILSBURY, JR., hereby grants his

19 consent to TARGET CORPORATION to investigate purchases made with Thomas Spilsbury,

20 Sr.'s credit card, Account No. 5418-2280-0046-6005 during the time period June 1, 2008, through

21 July 30, 2009. The results of this search shall be delivered to STONE & ASSOCIATES, 2125

22 Ygnacio Valley Road, Suite 101, Walnut Creek, CA 94598, and to CORSIGLIA, MCMAHON &

23 ALLARD, 96 N. Third Street, Suite 620, San Jose, CA 95112.

24 DATED: _____

25
                                         _____
26                                       THOMAS SPILSBURY, SR.

27

28

-1-

1  State of California         )
                               )ss:

2  County of _____ )

3  On _____, 2011, before me, _____ , a Notary

4  Public, personally appeared THOMAS SPILSBURY, SR., and proved to me on the basis of satisfactory evidence that he is the person whose name is subscribed to the within instrument, and

5  acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument he executed the instrument.

6

7    WITNESS my hand and Official Seal.

8

9

                                           _____

10                                      Signature of Notary

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

CONSENT FOR TARGET TO RESEARCH HIS CREDIT CARD TRANSACTIONS

TRANSMISSION VERIFICATION REPORT

```
TIME   : 02/14/2011 16:23
NAME   : STONE AND ASSOCI
FAX    : 9259382937
TEL    :
SER. # : BROK2J716695
```

```
DATE,TIME          02/14  16:22
FAX NO./NAME       14082898127
DURATION           00:01:09
PAGE(S)            04
RESULT             OK
MODE               STANDARD
                   ECM
```

COLETTE F. STONE
JENNIFER E. MCENEANEY
RONALD F. BERESTKA, JR.
JULIET MACMULLIN LOMPA
MERRILEE C. MILLER
MARISSA N. ACREE

OF COUNSEL
CHRISTINA C. BRINLEY

LAW CLERKS
MARIANNE SPARKS

PARALEGAL
BARBARA BURKHARDT, CCLS

## STONE & ASSOCIATES, APC

ATTORNEYS AT LAW

2125 YGNACIO VALLEY ROAD
SUITE 101
WALNUT CREEK, CA 94598

TELEPHONE: (925) 938-1555
FACSIMILE: (925) 938-2937

WWW.STONELAWOFFICE.COM

February 14, 2011

*Via Facsimile: 408-289-8127*
Timothy D. McMahon, Esq.
CORSIGLIA, MCMAHON & ALLARD
96 N. Third Street, Suite 620
San Jose, CA 95112

**Re:** *Spilsbury, Thomas v. Target Corporation*
Northern District Of California CASE NO.: CV 09 5955 JW
Our File No.: 30684

Dear Mr. McMahon:

We are in receipt of the Motion to Quash filed on behalf of Thomas Spilsbury, Sr. It seems we did not have an opportunity to properly meet and confer on this matter. When you sent me your meet and confer letter on January 18, 2011, you were aware I was in Minnesota for the deposition of the Target PMK scheduled the following day. Thus, I was unable to respond to your letter. I note that Colette F. Stone, Esq., emailed you on January 20, 2011, wherein she inquired, "I trust you and Juliet met and conferred on the

1

## CERTIFICATE OF SERVICE
## (28 U.S.C. §1746)

2

3
    I am employed in the County of Contra Costa, State of California.  I am over the age of 18

4
years and not a party to the within action.  My business address is 2125 Ygnacio Valley Road,

5
Suite 101, Walnut Creek, California 94598.

6
On the date indicated below, at the above referenced business location, I transmitted the

7
document(s) referenced below to the email address of the person designated, or by electronically

8
filing the documents on the Court's ECF system **DEFENDANTS' OPPOSITION TO**

9
**PLAINTIFF'S MOTION TO QUASH DEFENDANTS' SUBPOENA FOR THOMAS**

10
**SPILSBURY'S CREDIT CARD RECORDS; DECLARATION OF JULIET MACMILLIN**

11
**LOMPA**:

12
Timothy D. McMahon, Esq.                    **Attorney for Plaintiff**
CORSIGLIA, MCMAHON & ALLARD

13
96 N. Third Street, Suite 620
San Jose, CA  95112

14
Tel:  408-289-1417
Fax:  408-289-8127

15
Email:  tmcmahon@cmalaw.net

16

17

18
    I declare under penalty of perjury that the foregoing is true and correct.  Executed at

19
Walnut Creek, California on March 14, 2011.

20

21
                                        CELENA SEPULVEDA

22

23

24

25

26

27

28
                                        -5-
DECLARATION OF JULIET MACMILLIN LOMPA IN SUPPORT OF OPPOSITION TO PLAINTIFF'S
MOTION TO QUASH