TIMOTHY D. MCMAHON (SBN #117024)
CORSIGLIA MCMAHON & ALLARD LLP
96 NORTH THIRD STREET, SUITE 620
SAN JOSE, CALIFORNIA 95112
TELEPHONE:   (408) 289-1417
FACSIMILE:    (408) 289-8127

Specially Appearing for Moving Party Thomas Spilsbury Sr.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| THOMAS SPILSBURY, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, SELECT BRANDS, INC. and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. CV 09 05955 JW [HRL]<br><br>THOMAS SPILSBURY SR.'s REPLY TO DEFENDANTS' OPPOSITION TO THIRD PARTY"S MOTION TO QUASH DEENDANTS' SUBPOENA FOR THIRD-PARTY BANK RECORDS; REQUEST FOR RULE 37 SANCTIONS (Monetary, Evidentiary and Attorney Disqualification)<br><br>Date:  March 22, 2011<br>Time:  10:00 a.m.<br>Dept.  2<br>Judge: Hon. Howard R. Lloyd<br><br>Complaint: September 22, 2009<br>Trial Date: None Set |

Comes now Third Party Thomas Spilsbury Sr., through counsel *specially appearing* on his behalf. Third party Thomas Spilsbury Sr. submits this reply on an expedited basis given the recent disclosure of defense counsel's unethical conduct, and the courts advancement of the

hearing date for the subject motion to quash.[1] Based on defense counsel's admission that they have received and reviewed the disputed records, sanctions are requested as more fully discussed below.

### A. Defendants Deliberate and Unethical Conduct Should Be Sanctioned and the Motion Granted.

Defendants' misstatement of the facts and law as set forth in their opposition is exceeded only by the degree of their admitted unethical conduct presumably driven by a misguided zeal to impeach plaintiff at any cost. Given the nature of the conduct the cost to be borne by defense counsel includes, monetary sanctions, evidentiary sanctions and even disqualification. <u>Defendants' opposition boldly admits that counsel has already received and reviewed the material subject to the subpoena and third parties motion to quash.</u> Without remorse or second thought, defense counsel claims that Thomas Spilsbury Sr.'s attempt to protect his financial privacy by way of the motion to quash is moot because the records have already been produced. This arrogant and unethical position is taken 1) despite the fact that defense counsel was notified on January 18th 2011, that the subpoena was objected to on the basis that it sought **privileged** information from a third party and violated the discovery cutoff of January 21st 2011 (see McMahon Declaration), 2) despite the fact that defense counsel withdrew that subpoena on January 18th 2011, after receiving notification that it sought **privileged** information (see McMahon Declaration), 3) despite the fact that defense counsel issued an entirely new subpoena on January 18th (under the guise of "amendment") which again sought **privileged** information beyond the discovery cutoff (see McMahon Declaration), 4) despite the fact that defense counsel was again notified that the new subpoena was objectionable on the same grounds (see McMahon Declaration), 5) despite the fact that a motion to quash was filed and served to protect disclosure of the **privileged** information before it was to be disclosed (see McMahon Declaration), 6) and in the face of Magistrate Lloyd's

---

[1] On March 15th 2011, the court issued an order advancing the hearing date from April 5th 2011, to March 22 2011. This advancement has required third party/moving party to submit this reply with limited time to review and respond to defendants opposition which was served and filed on March 14th 2011.

1  interim ruling of March 2nd 2011 (docket 119) confirming that the records were not to be
2  produced until after a full hearing scheduled for April 5th 2011.

3  Defendants' position might be marginally plausible if these multiple written claims of
4  privilege made by Thomas Spilsbury Sr. were not received, the motion not served and reviewed
5  and if Magistrate Lloyd's order was not crystal clear; but that is not the case. In fact, in the face
6  of these known objections, and while the motion was pending, defense counsel secretly
7  contacted the subpoena service by phone and ordered them to produce the records (and produce
8  them only to defense counsel) and advised the service to ignore the pending motion to quash
9  and to ignore Mr. Spilsbury's claim of privilege. (see McMahon Declaration) This conduct
10 cannot stand.

11 The Federal Rules of Civil Procedure govern here and defense counsels conduct is
12 indefensible. There are two rules directly on point:

13 **Fed. R. Civ. P. 26(b)(5) (B)** Information Produced. **If information produced in
14 discovery is subject to a claim of privilege** or of protection as trial-preparation
15 material, the party making the claim may notify any party that received the
16 information of the claim and the basis for it. After being notified, a party must
17 promptly return, sequester, or destroy the specified information and any copies it
18 has; must not use or disclose the information until the claim is resolved; must take
19 reasonable steps to retrieve the information if the party disclosed it before being
20 notified; and may promptly present the information to the court under seal for a
21 determination of the claim. The producing party must preserve the information
22 until the claim is resolved.

24 **Fed. R. Civ.P.45(d)(2)(B)** Information Produced. **If information produced in
25 response to a subpoena is subject to a claim of privilege** or of protection as
26 trial-preparation material, the person making the claim may notify any party that
27 received the information of the claim and the basis for it. After being notified, a
28 party must promptly return, sequester, or destroy the specified information and

any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

Defendants' counsel was aware of the claim of privilege as early as January 18th 2011. In fact, when alerted to the assertion of privilege the subpoena was withdrawn on the same day and mysteriously- an entirely new subpoena was issued. Defense counsel was again notified of the privilege claim, the fact that the subpoena violated the discovery cut off, and counsel was served with a motion to quash which re-stated both grounds. Moreover, Spilsbury Sr.'s counsel alerted the bank and subpoena service that he intended to file a motion to quash and to refrain from producing the records. When the motion was filed, copies were sent to both the bank and the subpoena service via Federal Express. (See McMahon Declaration) Instead of recognizing the privilege claim and waiting for the Magistrate's ruling, counsel decided to take matters into her own hands and unilaterally contacted the subpoena service without notice to counsel and **ordered** the service to produce the records subject to the claim of privilege. These records were sent to defense counsel on February 18th 2011, and secretly reviewed. Defense counsel's first disclosure that they had received and reviewed the records was given on March 9th when reference was made to the records in a draft pretrial conference. (See McMahon Declaration) This disclosure was made almost a week after Magistrate Lloyd confirmed in an interim order that the documents were not to be produced. When Spilsbury Sr.'s counsel first learned of the secret review of privileged records a written request was made to defense counsel to explain the transgression, to return the records and to destroy all copies. Defense counsel flatly refused claiming that she had every right to review the records claiming that despite the assertion of privilege, the motion to quash was in her opinion "tardy" and thus had no legal effect.( see McMahon Declaration)

This conduct must be sanctioned. At a minimum, the records must be returned and all evidence precluded from use by any witness or any source. Additionally, monetary and

punitive sanctions are warranted under Federal Rule 37 which includes reimbursement for all fees in filing the instant motion, reply and appearance. Moreover, the court should consider disqualification of counsel for this unethical conduct as it cannot stand unpunished.

If counsel mistakenly received the records due to inadvertence the conduct might be excusable. However, here, there was an admittedly deliberate intent to ignore the Federal Rules and intentionally violate the rights of a third party who has no stake in the litigation. Counsels' conduct in secretly calling the subpoena service and ordering them to ignore Mr. Spilsbury Sr.'s rights must be sanctioned. See Gomez v. Vernon, 255 F.3d 1118 (9th Cir 2001) In Gomez, the court describes appropriate sanctions in cases where attorneys both negligently and deliberately review privileged and confidential information. In reviewing the A.B.A. Rules of Professional Conduct and various Federal statutes governing an attorneys ethical obligations, under Gomez the most vigorous sanctions should be issued here.

Defendants' attorneys try desperately to explain their conduct by finding one case- an inapposite holding buried in the text of King v Fidelity from the 5th Circuit. This case is readily distinguished. First, it involves a bankruptcy action. Second, the subpoena in question was one directed at a person compelling them to appear at court to answer questions concerning assets. Third, the issues in the case are confused since there were multiple subpoenas followed by several motions to set aside and quash. Fourth, the issue at hand was not whether the deponent had to produce documents; instead, <u>the question was whether the deponent should be sanctioned for nonappearance.</u> Finally, the court found that sanctions were appropriate for nonappearance under the bankruptcy statutes (and Rule 30 pertaining to depositions) holding that the motion to set aside & quash had not yet been ruled on, so the party was not entitled to simply ignore the subpoena requiring his attendance at court.

The key distinguishing feature is that nothing in this case mentions a FRCP Rule 45 subpoena *duces tecum* and whether a motion to quash must **necessarily** be ruled on prior to the

date of production. Such a conclusion would be nonsensical since it would mean that a third party must **necessarily** obtain an order shortening time whenever a subpoena *duces tecum* is issued (since Rule 7-2 requires a **minimum** of 35 days notice of a motion to quash). Moreover, in the instant case a timely written objection was sent to the provider and subpoena service notifying it of the motion to quash. (See McMahon Declaration) In a clever attempt to skirt the subpoena service's knowledge of Mr. Spilsbury's claim of privilege and a pending motion to quash- defense counsel told the service to simply ignore the privilege and produce the records.

### B. The Subpoenas Were Invalid Seeking the Production of Documents Beyond the Discovery Cut-Off.

It is undisputed that the original subpoena issued seeking Mr. Spilsbury Sr.'s bank records designated a production date of January 26th 2011, well beyond the court ordered discovery cutoff. In fact, this defect was brought to defense counsel's attention on January 18th, 2011 (See 1/18/11 correspondence attached to McMahon Declaration asserting both a claim of privilege and that the subpoena was in violation of the cutoff). In response, defense counsel issued a new subpoena which sought production of the same records for February 2011 in further violation of the discovery cutoff. Again, by way of correspondence and the instant motion, objection was properly made that the second subpoena was invalid. In spite of counsel's representations to the contrary, there has never been a stipulation that validated a subpoena that was invalid as originally served. Counsel's attempt to bootstrap a stipulation regarding the discovery cutoff for already valid an appropriately issued discovery between the parties is disingenuous. Moreover, given Mr. Spilsbury Sr.'s status as a third party whose rights are distinct and separate from those involved in the case- a stipulation between the parties whatever its claimed intent cannot be used to bind a third party who had no input into the stipulation claimed applicable.

### C. The Subpeona Seeks the Production of Privleged and Confidential Informatiom From a Third Party and Should be Quashed.

Mr. Spilsbury Sr.'s claim of privilege and confidentiality has been set forth in detail in his moving papers. Nothing alleged by defense counsel in her opposition alters the validity of the privilege. Mr. Spilsbury Sr.'s bank records from 2008 and 2009 contain hundreds of entries involving a variety of transactions that are personal and confidential. His status as plaintiff's father does not give defendants a green light to invade his privacy based on a trumped up claim that plaintiff intentionally produced the wrong blender at his deposition. Defendants ignore the fact that photographs recently discovered and taken within hours of the accident clearly show the blender involved in the incident. It is a Chefmate BL-10 bought on July 25th 2008 as plaintiff alleged. Indeed, defendants were already aware of this fact, since they had the receipt verifying the purchase in their possession for over two years. Moreover, the issue of blender misidentification, which formed the basis for defendants dispositive Motion for Summary Judgment, and Motion for Protective Order as well as the need to subpoena the bank records was laid to rest when these photographs were discovered. In fact, defendants withdrew both motions after the photographs were reviewed. They should likewise withdraw the subpoena for the same reasons.

Respectfully Submitted,

Dated: March 17, 2011

CORSIGLIA, MCMAHON & ALLARD

TIMOTHY D. McMAHON,
Specially Appearing for Third Party
Thomas Spilsbury Sr.